**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

TROY LAMONT HOLLOWAY,

      Defendant - Appellant.

No. 97-1008
(D.C. No. 96-CR-253-B)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

---

      Troy Lamont Holloway appeals from his sentence for attempted possession of cocaine base in violation of 21 U.S.C. §§ 844(a) and 846. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

      Mr. Holloway pled guilty to a single-count information charging him with "attempt to possess more than 5 grams of a mixture or substance containing a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

detectable amount of cocaine base (commonly known as 'crack cocaine' or 'crack')" and was sentenced to 60 months of imprisonment. See Fed. R. Crim. P. 11(e)(1)(C). On appeal, he raises one issue: "[w]hether [s]entencing was improper because the government did not affirmatively show that the cocaine derivative that was seized was of such a nature to qualify for application of the 'crack' sentencing guidelines." See U.S.S.G. § 2D1.1(c).

We review the district court's factual findings for clear error and its application of the Sentencing Guidelines de novo. United States v. Kissick, 69 F.3d 1048, 1051 (10th Cir. 1995). After reviewing the record, we hold that the district court's finding that the substance was crack cocaine was not clearly erroneous and that the court correctly applied the Sentencing Guidelines.

Mr. Holloway specifically pled guilty to attempted possession of crack cocaine. The district court was entitled to rely upon that admission. See, e.g., 2 R. 10-14, 21-24. Mr. Holloway cites United States v. James, 78 F.3d 851 (3d Cir.), cert. denied, 117 S. Ct. 128 (1996), for the proposition that the government retains the burden to show that the substance at issue is crack even after the defendant enters a plea of guilty. James is distinguishable because the only references to "crack cocaine" in that case were made by the prosecutor, while "the indictment, the defendant, and the court at the plea colloquy sp[oke] in terms of cocaine base." Id. at 856. In contrast, the substance at issue in this appeal was

described as "cocaine base (commonly known as 'crack cocaine' or 'crack')" throughout the proceedings. See, e.g., 1 R. 2; 2 R. 12, 21-22. The district court also relied upon Mr. Holloway's admissions, recorded in the presentence report, that he had been addicted to crack cocaine since his early twenties and that he usually smoked three to four grams of crack each day. 3 R. 12-13. The court's finding is further supported by Mr. Holloway's letters of mitigation, describing himself as a crack addict. Id.

Mr. Holloway argues that the district court incorrectly applied the enhanced penalties for crack-related crimes because sodium bicarbonate was not present in the substance found in his possession. Note (D) to the Drug Quantity Table of the guidelines provides that:

> "Cocaine base," for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.

U.S.S.G. § 2D1.1(c), Note (D). Mr. Holloway reads this definition to require that any substance identified as "cocaine base" must be shown to contain sodium bicarbonate before it may be treated as "crack" for sentencing purposes.

Notes or commentary to the sentencing guidelines are considered binding authority unless either violative of the Constitution or a federal statute, or clearly inconsistent with the guideline the commentary purports to explain. Stinson v. United States, 508 U.S. 36, 45 (1993). Therefore, we must construe the

Guidelines' use of the term "cocaine base" in accordance with the definition set out in Note D. Because Mr. Holloway's interpretation would require us to ignore the word "usually" in that definition, we reject it.

We interpret the qualifier "usually" in the phrase "usually prepared . . . with sodium bicarbonate" as an acknowledgment that other methods of crack preparation exist and that not all forms of "cocaine base" need contain sodium bicarbonate to qualify as crack for sentencing purposes. Indeed, it appears that the method which uses sodium bicarbonate is the least sophisticated and yields the lowest purity. See James, 78 F.3d at 856-57; United States v. Fulton, 960 F. Supp. 479, 494 (D. Mass. 1997). Although the laboratory report does not indicate the presence of sodium bicarbonate in the cocaine base tested, the district court was correct to apply the enhanced penalties for crack-related crimes to Mr. Holloway's case.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge